■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO CUADRA, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 19, 1973, convicting the defendant after a jury trial of the crimes of attempt to commit the crime of murder, assault in the first degree, and possession of a weapon as a felony, unanimously reversed, on the law and in the interest of justice, and a new trial directed. Jose Delgado (Delgado) and Raul Burgos (Burgos) were on their way home from a social club at approximately 4:00 A.M. when Pedro Cuadra arrived at the scene and allegedly threatened to kill Delgado. Allegedly, Cuadra drew his revolver and shot Delgado twice, one bullet striking Delgado in the face and the other entering his chest. Delgado became permanently paralyzed from the waist down. Cuadra does not deny being near the scene at the time in question but claims that he heard the shots coming from an unknown source. At the time of trial, identification of the defendant as the perpetra-

tor was made by only one eyewitness, Delgado. Burgos was not available; however, testimony was admitted through a Detective Scroope that Burgos had identified a photograph of defendant and that defendant was the assailant of Delgado. Another patrolman testified that Burgos identified Cuadra in the precinct house. In addition thereto, other "double hearsay" testimony identifying defendant was admitted through police testimony of what people had told the police that they had heard from others. In sum, crucial identification of defendant was established by people never called as witnesses through the mouths of police officers. The improper admission into evidence of the alleged statements of Burgos and others leads us to conclude that there was a reasonable possibility that this error contributed to defendant's conviction *(People v Crimmins,* 36 NY2d 230). Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.